UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES SHEFFEY, | ) | Case No.: 1:14 CV 1329 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| MARGARET BRADSHAW, Warden, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

On June 19, 2014, Petitioner James Sheffey's ("Sheffey" or "Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition") (ECF No. 1) pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his state court conviction and sentence for four counts of felonious assault with firearm specifications, one count of improper discharging of a firearm at or into a habitation with a firearm specification, one count of criminal damaging, and one count of having weapons while under disability. Sheffey argues that his Petition should be granted based on the following grounds:

Ground One: The trial court erred when it refused to accept Petitioner's *Alford* plea in violation of his Fourteenth Amendment right.

Ground Two: The trial court erred when it failed to merge allied offenses.

Ground Three: The trial court committed plain error in recording Petitioner's sentence as fourteen years in its journal entry.

Ground Four: Petitioner's conviction was against the manifest weight of the evidence.

Ground Five: There was insufficient evidence to support Petitioner's conviction.

Ground Six: The State committed prosecutorial misconduct by attacking defense counsel's sincerity.

(*See* Pet., ECF No. 1, at 2-14; *see also* Pet'r's Br. at 10-24, ECF No. 1-1.) This court referred the

case to Magistrate Judge George J. Limbert for preparation of a Report and Recommendation ("R&R"). Respondent Margaret Bradshaw, Warden of Richland Correctional Institution, ("Respondent") filed an Answer on November 10, 2014 (ECF No. 10).

Magistrate Judge Limbert submitted his R&R (ECF No. 13) on September 30, 2015, recommending that the court dismiss the Petition in its entirety with prejudice. The Magistrate Judge determined that Petitioner's first ground for relief, that the trial court erred in refusing to accept Petitioner's plea, had no merit. (R&R at 27, ECF No. 13.) The Magistrate Judge based this conclusion on the facts supporting the Ohio appellate court's findings that Petitioner engaged in two plea colloquies with the trial court indicating he wished to plead guilty and then changed his mind, that it was not clear that Petitioner intended to enter into an *Alford* plea, and that there was no evidence that the trial court had a blanket policy of refusing *Alford* pleas, and because Petitioner had been in plea negotiations for weeks before trial was to begin. (*Id.*)

Next, the Magistrate Judge found that Petitioner's second, third and fourth grounds for relief were not cognizable on federal habeas review because none of these grounds present federal constitutional issues. (R&R at 27, ECF No. 13.) For the second ground for relief alleging that the trial court erred in failing to merge allied offenses as to the firearm specifications, and the third ground for relief alleging that the trial court's journal entry was improper or ambiguous, the Magistrate Judge determined that because Petitioner only challenged the state court's application of state law, these grounds were not cognizable under federal habeas review. (*Id.* at 27-30.) The Magistrate Judge further analyzed the third ground for relief on its merits, concluding that no ambiguity existed in the journal entry and that the journal entry was not inconsistent with the sentence imposed at the sentencing hearing. (*Id.* at 30-32.) The Magistrate Judge also concluded that the fourth ground for relief alleging that Petitioner's conviction was against the manifest weight of

the evidence was not cognizable because this was an issue of state law only. (*Id.* at 32.)

The Magistrate Judge found that Petitioner's fifth ground for relief, that there was insufficient evidence to support Petitioner's convictions, should be rejected because he failed to properly identify, explain and support such a claim. (R&R at 32, ECF No. 13.) Furthermore, in reviewing the factual arguments Petitioner made previously to support his claim that the conviction was against the manifest weight of the evidence, the Magistrate Judge reviewed the testimony from various witnesses. (*Id.* at 34-38.) Based on this review, the Magistrate Judge recommended that the court find that the Ohio appellate court applied the proper constitutional standard and that Petitioner's fifth ground for relief should be denied. (*Id.* at 38.) Finally, the Magistrate Judge determined that Petitioner's sixth ground for relief, that the prosecution committed misconduct by attacking the sincerity of defense counsel at trial, should also be dismissed because the comment at issue did not rise to the level of improper conduct and it did not "so infect the trial with unfairness as to deprive Petitioner of due process." (*Id.* at 38-40.)

On October 28, 2015, Petitioner filed his Objections to the Report and Recommendation ("Objections") (ECF No. 15-1). He states that he "is dropping grounds 1, 2, 4, & 5; but will raise ground no. 3[.]" (Objections at 2, ECF No. 15-1.) Petitioner also does not mention his sixth ground for relief in his Objections. In light of Petitioner's explicit indication that he is not objecting to the Magistrate Judge's R&R as to his first, second, fourth and fifth grounds for relief, and because Petitioner failed to object to the Magistrate Judge's R&R as to his sixth ground for relief, he has waived the right to appeal the Magistrate Judge's recommendation as to these grounds. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). Apart from the waiver of the right to appeal, the court finds that the conclusions in the Magistrate Judge's R&R as to these grounds are well taken and fully supported by the record

and controlling case law, and the court adopts these conclusions as its own.

Regarding the third ground for relief, Petitioner argues that the Magistrate Judge improperly concluded that there was no merit, because Petitioner contends there was an ambiguity between the trial court's journal entry and the sentence imposed at the hearing. (Objections at 2, ECF No. 15-1.) Petitioner also argues that the journal entry sentenced Petitioner to fourteen years but the remainder of the journal entry did not support a fourteen-year sentence and instead supported a six-year sentence. (*Id.* at 4.) Petitioner maintains that since it is unclear whether the court imposed a fourteen-year or six-year sentence, the ambiguous language should be construed in his favor, and the lesser sentence should be imposed. (*Id.* at 4-5.)

The Magistrate Judge correctly determined that the third ground for relief should be denied. To the extent that Petitioner is challenging the Ohio appellate and trial court's interpretation and application of Ohio's sentencing laws, the Magistrate Judge properly concluded that such a claim is not cognizable in a federal habeas corpus action. Furthermore, even reviewing the Ohio appellate court's rejection of Petitioner's claim, the Magistrate Judge correctly found that there was no ambiguity in the journal entry and no inconsistency existed between the sentence articulated at the sentencing hearing and the sentence imposed in the journal entry. The journal entry clearly states that the trial court imposed a sentence of fourteen years, which is consistent with the fourteen-year sentence imposed at the sentencing hearing. (Journal Entry, ECF No. 10-1, at 33; Sentencing Hearing, ECF No. 10-3, at 247.) The Magistrate Judge correctly determined that the sentence, both at the sentencing hearing and in the journal entry, which was also explained by the Ohio appellate court, was fourteen years of imprisonment: one three-year term of imprisonment for the four counts of felonious assault, two three-year firearm specifications that were mandatory and to run consecutive to each other and to the one three-year term, and one separate five-year gun

specification term.  (*Id.* at 31.)  As the Magistrate Judge explained in the R&R, each part of the sentence was described at the hearing and in the journal entry, and there were no inconsistencies between the two.  (R&R at 30-32, ECF No. 13.)

The court finds that, after careful *de novo* review of the R&R and all other relevant documents, the Magistrate Judge's conclusions are fully supported by the record and controlling case law.  Accordingly, the court adopts as its own the Magistrate Judge's R&R (ECF No. 13).  The court dismisses Petitioner's Writ of Habeas Corpus (ECF No. 1) with prejudice.  The court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability.  Fed.R.App.P. 22(b); 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

December 30, 2015